1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7   RICKEY WARD,                          )
                                         )        2:12-cv-00835-MMD -VCF
8                    Plaintiff,           )
                                         )        **ORDER**
9   vs.                                   )
                                         )
10  STATE FARM MUTUAL AUTOMOBILE          )
    INSURANCE COMPANY,                    )
11                                        )
                     Defendant.           )
12  _____  )

13          Before the court is the parties' Stipulated Confidentiality and Protective Order (#13) which the court

14  approves, with the exception of paragraph 9.  This order reminds counsel that there is a presumption of

15  public access to judicial files and records.  Paragraph 9 of the parties' proposed stipulation was not

16  approved and was deleted by the court.  Paragraph 9 stated that "[a]ny Court filings which contain a

17  document or other material designated as confidential, shall only be filed and submitted under seal." (#13).

18          Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on

19  or after November 7, 2005, in electronic form.  The electronic record constitutes the official record of the

20  court.  Attorneys must file documents under seal using the court's electronic filing procedures.  *See* LR 10-

21  5(b).  That rule provides:

22           Unless otherwise permitted by statute, rule or prior Court order, papers
             filed with the Court under seal shall be accompanied by a motion for leave
23           to file those documents under seal, and shall be filed in accordance with the
             Court's electronic filing procedures.  If papers are filed under seal pursuant
24           to prior Court order, the papers shall bear the following notation on the first
             page, directly under the case number: "FILED UNDER SEAL PURSUANT
25           TO COURT ORDER DATED _____."  All papers filed under seal
             will remain sealed until such time as the Court may deny the motion to seal
26           or enter an order to unseal them, or the documents are unsealed pursuant to
             Local Rule.
27  *Id.*

28          A party seeking to file a confidential document or utilize a confidential document at trial must also

    comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172

(9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1.    Paragraph 9 of the parties' Stipulated Confidentiality and Protective Order (#13) is **NOT APPROVED**.

2.    The parties shall comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

. . .

. . .

. . .

. . .

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.      The parties' Stipulated Confidentiality and Protective Order (#13), as modified and signed by the court, is **APPROVED.**

Dated this 30th day of July, 2012.

_____

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**



RECEIVED
JUL 24 2012
By KEM

1  V. ANDREW CASS
   Nevada Bar No. 005246
2     E-Mail: cass@lbbslaw.com
   KRISTIN E. MEREDITH
3  Nevada Bar No. 011655
      E-Mail: meredith@lbbslaw.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
5  Las Vegas, Nevada 89118
   702.893.3383
6  FAX: 702.893.3789
   *Attorneys for Defendant State Farm Mutual*
7  *Automobile Insurance Company ("State*
   *Farm")*
8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11
   RICKEY WARD,                          CASE NO.: 2:12-cv-00835-MMD-VCF
12
            Plaintiff,
13                                       STIPULATED CONFIDENTIALITY AND
      vs.                                PROTECTIVE ORDER
14
   STATE FARM MUTUAL AUTOMOBILE
15 INSURANCE COMPANY, a corporation;
   DOES I through X, inclusive, and ROE
16 CORPORATIONS I through X, inclusive,

17            Defendants.

18

19        It appearing to the Court that the Plaintiff, Rickey Ward ("Plaintiff"), and Defendant

20 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), are in

21 agreement that State Farm possesses proprietary policies and procedures that include

22 confidential information that may be subject to discovery in the proceedings in this matter

23 but which should not be made available to the public generally, this Court hereby orders

24 that:

25        1.      This Confidentiality Agreement and Protective Order shall govern certain

26 discovery and document production among the parties, as well as discovery and

27 document production from third parties, in the above-referenced action.

28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-6375-4512.1

1      2.      For purposes of this Confidentiality Agreement and Protective Order, the
2   term "Confidential Information" shall refer to:  (1) information which any party or non-party
3   believes in good faith to be a trade secret or confidential research, development,
4   commercial, or other proprietary business information within the meaning of FRCP
5   26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary,
6   personal or commercially sensitive information.  Such Confidential Information may be
7   contained in any written, printed, recorded, or graphic matter of any kind, and shall retain
8   its confidential designation regardless of the medium on which it is produced, reproduced,
9   or stored.  Such Confidential Information may also be elicited at deposition or through
10  written discovery.

11      3.      Whenever any party or non-party desires to designate information contained
12  in a document as Confidential Information, the designating party shall mark each page of
13  the document with the word "CONFIDENTIAL" and identify such Confidential Information
14  at the time of production.  Confidential Information may be used in the course of
15  depositions in accordance with this Confidentiality Order.

16      4.      Transcripts or exhibits from any deposition or hearing shall be temporarily
17  designated as "Confidential" and be treated as subject to the terms of this Stipulation.
18  Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will
19  designate the pages of the transcripts or exhibits which shall remain designated as
20  "Confidential" and will advise all other parties.  If no designation is made within forty-five
21  (45) days, the entire transcript and all exhibits will be deemed not confidential.

22      5.      All documents produced or information disclosed and any other records
23  designated as "confidential" by State Farm shall be revealed only to:

24          a)      Plaintiff;

25          b)      Plaintiff's counsel of record in this case;

26          c)      Defendant;

27          d)      Defendant's counsel of record in this case;

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-6375-4512.1                                    2

1           e)    Paralegals and secretarial employees under counsel's direct

2                 supervision;

3           f)    Outside photocopying, translating, document management, and

4                 exhibit preparation services engaged by a party for purposes of this

5                 litigation;

6           g)    Persons employed by counsel to act as consultants or experts in this

7                 action;

8           h)    Any other person State Farm agrees in writing may be shown such

9                 documents; and

10          i)    The Court and court personnel, stenographic reporters, and

11                videographers at depositions taken in this action, and any jury

12                empanelled in this action, subject to the protections of Paragraphs 3,

13                4, and 9 of this Order and to any order the Court subsequently enters

14                to preserve the confidentiality of documents used at trial;

15     6.      The information considered as "confidential" and disclosed only in accord

16 with the terms of Paragraph 5 shall include, without limitation, any claims manual, training

17 materials, and any other information or documentation supplied by State Farm and

18 designated as "Confidential."

19     7.      Documents deemed confidential by State Farm shall be used only for the

20 purposes of prosecuting or defending this action. Under no circumstances shall

21 information or materials covered by this Protective Order be disclosed to or discussed with

22 anyone other than the individuals designated in Paragraph 5.

23     8.      Prior to disclosure of any documents designated as "confidential" to any

24 individual who is not a signator to this Agreement, counsel shall require such individual to

25 read this Protective Order and sign the Agreement which is attached hereto as Exhibit A

26 and provide a copy of the signed Agreement to counsel for State Farm.

27     ~~9.     Any Court filings which contain a document or other material designated as~~

28 ~~confidential, shall only be filed and submitted under seal.~~

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-6375-4512.1         3

1     **10.**   This Order is subject to revocation and modification by Order of the Court
2 upon written stipulation of the parties, or upon motion and reasonable notice, including
3 opportunity for hearing and presentation of evidence.

4     **11.**   If any Party believes that it is not bound by this Order respecting documents
5 designated "Confidential," it shall give notice to counsel for State Farm at least 30 days
6 before the Party uses or discloses such documents in a manner prohibited by this Order,
7 to enable State Farm to contest the intended use through a motion to the Court.

8     **12.**   Within 30 days of the final termination of this case, all documents and
9 information subject to this Order, including any copies or extracts or summaries thereof, or
10 documents containing information taken therefrom, shall be returned to counsel for State
11 Farm. In the alternative, within 30 days of the final termination of this case, all such
12 documents, including copies or extracts or summaries thereof, may be shredded or
13 disposed of in a manner to ensure the destruction thereof and a declaration certifying such
14 destruction or disposal provided to State Farm.

15     **13.**   In any action or proceeding to enforce this Stipulated Protective Order, or
16 pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable
17 attorneys' fees and costs, without limiting any other relief that may be available.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

4844-6375-4512.1     4

1     **14.**   This Order shall remain in effect after the conclusion of this case and the

2  Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

3

DATED this 18 day of July, 2012          DATED this 20 day of July, 2012

4

5

By: _____        By: _____

6   Robert D. Vannah, Esq.            V. Andrew Cass

7   Nevada Bar No. 002503          Nevada Bar No. 005246

   John B. Greene, Esq.             Kristin E. Meredith, Esq.

8   Nevada Bar No. 004279          Nevada Bar No. 011655

   VANNAH & VANNAH            LEWIS BRISBOIS BISGAARD &

9   400 S. Fourth Street, 6th Fl.        SMITH LLP

10  Las Vegas, NV  89101          6385 South Rainbow Blvd., Suite 600

                           Las Vegas, Nevada  89118

11  Chad M. Golightly, Esq.        Attorneys for Defendants

   Nevada Bar No. 005331

12  GOLIGHTLY & ASSOCIATES

   8560 S. Eastern Ave., #240

13  Las Vegas, NV  89123

   Attorneys for Plaintiff

14

15     IT IS SO ORDERED.

16

17

18  _____

   CAM FERENBACH

19  UNITED STATES MAGISTRATE JUDGE

   DATED: July 30, 3012

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW